

**Signed: July 12, 2010**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                            No. 09-49043 T
                                                 Chapter 11
CHRISTIE L. HOLLOWELL,

    Debtor-in-Possession.
_____/

**MEMORANDUM AND ORDER RE MOTION FOR REVIEW OF FEES**

The Office of the United States Trustee (the "UST") filed a motion for the review of the attorneys' fees charged to the above-captioned debtor (the "Debtor") by Mitchell L. Abdallah ("Abdallah") pursuant to 11 U.S.C. § 329(b). Abdallah has already repaid the Debtor $3,911 received for representing the Debtor in the chapter 11 bankruptcy case. The UST asks the Court to consider whether Abdallah should also be required to repay the $4,000 received from the Debtor for loan modification and other services. Abdallah failed to disclose the receipt of these fees in the Statement of Financial Affairs or in his employment application. Two thousand dollars of this amount were obtained by Abdallah post-petition without the Court's permission.

The Court has reviewed Abdallah's billing statement. It appears that the only loan modification work done was by a biller whose hourly rate was $75. Based on the billing rates specified in Abdallah's employment application, the Court infers that this work was done by a secretary. The work performed includes lengthy communications with the lender. The Court does not believe that the Debtor hired Abdallah so that loan modification efforts could be made by an attorney's secretary. The Debtor could have acted as effectively on her own behalf free of charge.

From the billing statement, it appears that the total charges for the work done by the secretary were only $365. Nevertheless, when a loan modification was not obtained, Abdallah agreed to transfer only $2,500 of the remaining $3,635 to an adversary proceeding asserting TILA and other claims against the secured creditor. The billing statement suggests that $4,103 worth of attorney and paralegal services were provided in connection with the adversary proceeding, giving rise to fees totaling $4,103. However, the value of those services is questionable.

Most of the complaint is boilerplate, reciting the well publicized abuses that have occurred in the home mortgage industry recently, without specific reference to the Debtor's transaction. Some of the facts alleged are clearly inaccurate. The Debtor is a female. The complaint refers to the Debtor several times with a masculine pronoun. The complaint alleges that the Debtor obtained the loan to build her "dream house." At a status conference in the adversary proceeding conducted on July 8, 2010, the Court asked the

Debtor whether the residence serving as collateral for the secured claim was new construction. She said that it was not.

Given Abdallah's failure to disclose the fees received, his violation of bankruptcy law in obtaining fees post-petition without Court permission, and the poor quality of his work, the Court concludes that it is inappropriate to permit him to retain any portion of the $4,000 received from the Debtor. Consequently, Abdallah will be ordered to repay this amount to the Debtor within 30 days from the date of this order.

Based on the foregoing, good cause appearing therefor, it is SO ORDERED.

END OF DOCUMENT

COURT SERVICE LIST

Christie L. Hollowell
11925 Skyline Blvd.
Oakland, CA 94619

Mitchell L. Abdallah
Abdallah Law Group
980 9th St. 16th Fl.
Sacramento, CA 95814